IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,791-01






EX PARTE STEPHEN K. GILBERT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-00944-CRF-272-A IN THE 272ND JUDICIAL DISTRICT COURT


FROM BRAZOS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirty years' imprisonment. The Tenth Court of Appeals affirmed his
conviction. Gilbert v. State, No. 10-06-00232-CR (Tex. App. - Waco, November 14, 2007). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of
his right to petition for discretionary review pro se. According to Applicant, appellate counsel filed
a motion for extension of time to file a petition for discretionary review, which this Court granted,
but then failed to file the petition for discretionary review or inform Applicant that he had filed a
motion for an extension.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel on appeal. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed and that he has a right to file a pro se
petition for discretionary review, and as to why appellate counsel failed to file the petition for
discretionary review after seeking and receiving an extension from this Court. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 14, 2008

Do not publish